LOUIS VALERII, Administrator of FRANCESCO VALERII, vs. THE
    BREAKWATER COMPANY, a corporation of the State of Ohio.

1.  MASTER AND SERVANT—DEATH OF SERVANT—NEGLIGENCE—RES ISPA
    LOQUITUR.

    That a servant was killed by the derailment of a car used by his employer
to carry stone, while he stood on the car in the performance of his employ-
ment, does not create a presumption of negligence of the employer; but
negligence must be established by affirmative proof.

2.  NEGLIGENCE.—QUESTION FOR JURY.

    Where there is evidence of some negligence on which the jury can prop-
erly find a verdict, or the conclusion to be drawn from the evidence is debata-
ble, or the evidence is conflicting on some material fact, the court must sub-
mit the case to the jury.

3.  MASTER AND SERVANT—OBLIGATION OF MASTER—SAFE APPLIANCES.

    An employer, maintaining a railroad track and equipment to carry stone
from its quarry to a wharf, must furnish reasonably safe appliances for its
employees.

4.  TRIAL—NONSUIT—PRESUMPTIONS.

    The court, on a motion for nonsuit in an action for the negligent death
of an employee, must, in the absence of evidence to the contrary, presume
that the employer exercised due care in the discharge of his primary duty to
furnish reasonably safe appliances.

5.  MASTER AND SERVANT—RISKS ASSUMED.

    A brakeman on a railroad operated by the employer to carry stone from
its quarry to a wharf assumes the risk incident to his employment, including
derailment of cars not resulting from the negligence of the employer, its
servants, or agents.

6.  MASTER AND SERVANT—DEATH OF SERVANT—NEGLIGENCE—EVIDENCE.

    A brakeman on a railroad operated by the employer to carry stone from
its quarry to a wharf was killed by the derailment of a car.   It was not shown
that the car, previous to the accident, was not reasonably safe, and there was
nothing to show that the derailment was caused by any defect in the car.
*Held*, that, since no inference of negligence could be drawn, a nonsuit must
be granted.

(*March* 21, 1912.)

Judges BOYCE and CONRAD sitting.
*Josiah O. Wolcott* for plaintiff.
*Reuben Satterthwaite, Jr.*, for defendant.
Superior Court, New Castle County, March Term, 1912.

ACTION ON THE CASE (No. 54, November Term, 1910) to
recover damages for death of plaintiff's intestate, alleged to have
been occasioned through the negligence of the defendant com-

pany, while employed by the defendant company on a narrow-guage railroad of the defendant company for the purpose of carrying stone from its quarry to the wharf. Further facts appear in opinion of the court on a motion for nonsuit which was granted. (See same case on demurrer to declaration, *ante*.)

CONRAD, J., delivering the opinion of the court:

The testimony in this case establishes the following facts: That Francesco Valerii, having been in the employ of the defendant company for a period of about two years, was on the twenty-sixth day of November, 1909, employed by said defendant company as a brakeman on a narrow-gauge railroad operated by said company for the purpose of carrying stone from their stone quarry to a wharf or dock. That on the day mentioned two cars, attached to an engine in the rear, were being moved along the tracks at the rate of about five miles per hour. That the car in the lead had on it an iron scale box, filled with stone, and on the front end of this car, either in the car itself or on the scale box, Valerii was riding in a standing position; the intention being to couple other cars. The two front wheels of said car were derailed, which caused the body of the car to tilt, and Valerii was thrown to the ground and so seriously injured that he died a few hours after.

[1] The testimony established beyond question the relation of master and servant as between the defendant company and Valerii. This relation being established, the fact of accident carries with it no presumption of negligence on the part of the employer, and the duty is upon the injured employee to establish by affirmative proof that the employer has been guilty of negligence. In the case of a passenger the rule of law is different. There an accident carries with it the presumption of negligence on the part of the carrier, which in the absence of proof to the contrary would sustain a verdict against the carrier, for there is *prima facie* a breach of his contract to carry safely.

Negligence is never presumed, as we have said, as between master and servant. The mere fact of an accident, by which injury is sustained, does not of itself raise a presumption of negligence. The burden of proving the negligence is on the plaintiff.

If the plaintiff fails to prove negligence on the part of the defend-
ant, or if, as it has been said, no fair inference of negligence can
be drawn from the evidence, assuming that such evidence is true,
it is the duty of the court to nonsuit the plaintiff.

[2]   Where there is evidence of some negligence upon which
the jury can properly find a verdict, or the conclusion to be drawn
therefrom is debatable, or rests in doubt, or where the evidence
is conflicting upon some material fact, it is the duty of the court
to submit the case to the jury for its determination.

[3, 4]   It was the duty of the defendant company in this case
to furnish reasonably safe machinery and appliances for its
employees, and there is no evidence that it was not done in this
case, except the accident itself.   It is a familiar doctrine that in
cases of this kind the law does not presume carelessness or negli-
gence on the part of the employer, towards its employees, and in
considering this motion the court must presume, in the absence
of evidence to the contrary, that the defendant company did exer-
cise due care in the discharge of this primary duty.

[5]   Valerii in entering the employment of the defendant
company assumed all the usual risks incident to his employment,
including derailment of cars, if it did not result from the negli-
gence of the defendant, its servants and agents.

[6]   The plaintiff contends that the derailment of the car in
this case resulted from a broken brass in one of the journal boxes.
It was not shown that the car, previous to the accident, was not
reasonably safe.   Evidence was given to show that, some hours
after the accident, the car was replaced on the tracks, and drawn
to a point a mile or more distant; that after the latter point was
reached the journal box was examined, by one of the servants of
the defendant company, who found that one of the brasses in the
journal box was broken, and one-half of it lying in sight.

There was no affirmative evidence as to whether the brass
was broken before the accident, or by reason of the car leaving the
tracks.   The failure of the plaintiff to show that the derailment by
which Valerii was injured was caused by either the broken brass
or other defect in the car, alleged in the declaration, leaves the
cause of the derailment uncertain, and this being so, the court

does not feel that the cause of the accident should be left to the surmise or guess of the jury. The court is always reluctant to take a case from the jury, but under all the evidence the court is constrained to hold that in this case the negligence of the defendant has not been shown.

The motion for a nonsuit is granted.