————o————

NELSON CLOUGH *vs.* BENJAMIN F. SHAW COMPANY, a corporation of the State of Delaware.

MASTER AND SERVANT—INJURIES—ALLEGATIONS OF DECLARATION—NEGLIGENCE.

The declaration alleged that defendant owned a machine shop, and that plaintiff was employed as a machinist, and, when injured, was placing large steel pipes in position in a lathe to be faced; that it was the custom to hoist the pipes into position by hoists, which were supported by an overhanging track; and that plaintiff was using the hoist for lifting the pipes into position when, by reason of the defendant's negligence in not keeping said chain hoist in a safe condition, it fell or broke away from the track which supported it, and fell upon plaintiff and injured him. *Held*, that the declaration was demurrable for not alleging the facts constituting the alleged negligence with sufficient certainty.

(<em>June</em> 5, 1912.)

Judges WOOLLEY and RICE sitting.

*Harry Emmons* for plaintiff.

*John F. Neary* (of *Ward, Gray* and *Neary*) for defendant.

Superior Court, New Castle County, May Term, 1912.

ACTION ON THE CASE (No. 54, January Term, 1912), to recover damages for personal injuries to the plaintiff, who was a servant of the defendant, alleged to have been occasioned by the negligence of the defendant.

General Demurrer to declaration.

The narr: consisted of two counts, the first count, omitting the formal parts, was as follows:

For that whereas, the said defendant, heretofore, to wit, on the first day of September, A. D. 1911, was, and for a long time theretofore, had been the owner of and did operate and control a certain machine shop in the City of Wilmington, New Castle County aforesaid; which said machine shop was used by said defendant in connection with its business of plumbing, gas and steam fitting and other kindred lines of business in which it is now and was at that time engaged; that the said plaintiff, heretofore, to wit, on the day and year last aforesaid, was in the employment of the said defendant, as a machinist at the aforesaid machine shop of said defendant, in the said City of Wilmington; that on the day and year last aforesaid, the said plaintiff, in the usual course of his employment was engaged in placing a large steel pipe in position in a lathe to be faced; that it was the custom of the shop to drag or hoist such pipes into position by the use of certain chain hoists which had been provided by the defendant for such purpose; that said chain hoists were suspended from and supported by an overhead track along which they were carried on wheels; that said plaintiff, as he had often done before in the course of his employment by said defendant in said shop, was, on the day last aforesaid, in the act of using one of said chain hoists, with due care and without any carelessness or negligence on his part, for the purpose of lifting or dragging the said pipe into position as aforesaid, when, by reason of the defendant's negligence in not keeping said chain hoist in a safe and proper condition for use by its employees, the said chain hoist fell or broke away from the track, on and by which it had been supported and came down upon the plaintiff with great force; by reason whereof the said plaintiff had his breast bone fractured, his face and head cut and bruised, etc.

The charging part of the second count was as follows:

That on said day said plaintiff in the usual course of his employment was engaged in placing a large metal pipe in position in a lathe to be faced; that for the purpose of lifting and placing such pipe in said lathe, the said defendant had provided as a part of the equipment of said shop certain chain hoists which were suspended from and supported by an overhead track along which they were moved or carried; that said plaintiff, in the course of his employment by said defendant in said shop, was, on the day last aforesaid, in the act of using one of said chain hoists for the purpose aforesaid; not knowing that said chain hoist was dangerous and unsafe for such purpose, and with due and proper care and skill in that behalf, when, by reason of the defendant's negligence in not keeping said chain hoist in a safe and proper condition for use by its employees, the said chain hoist fell or broke away from the track, on and by which it had been supported and came down upon the plaintiff with great force; by reason whereof the said plaintiff had his breast bone fractured, his face and head cut and bruised and was otherwise shocked, hurt, wounded, maimed and rendered sick, sore and disordered, and so continued for a long space of time, etc.

The defendant assigned as its cause of demurrer that the plaintiff has not set forth in the first and second counts of his said declaration the facts constituting the alleged negligence of the defendant with sufficient certainty to apprise the defendant of what is intended to be proved.

*Per Curiam:*—Demurrer sustained,—citing *Valerii v. The Breakwater Co., ante,* and 82 *Atl.* 597.